

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 8, 1971

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas      78701

Dear Dr. Edgar:

Opinion No. M-1011

Re: Are flight schools
covered by the Texas
Proprietary School Act
(Acts 62nd Leg., R.S.,
1971, ch. 620, p. 2006).

You ask our opinion whether flight schools come within the scope of the Texas Proprietary School Act.* These schools offer varying courses of instruction which enable a person to qualify for the varying types of pilot licenses granted by the Federal Aviation Agency.  49 U.S.C. Sec. 1341 et seq.

Our opinion is that flight schools are subject to the Act.

Schools covered by the Act are defined in its Section 32.11 (1) as follows,

"(1) 'Proprietary School,' referred to as 'school,' means any business enterprise operated for a profit, or on a nonprofit basis, which maintains a place of business within the State of Texas, or solicits business within the State of Texas, and which is not specifically exempted by the provisions of this Chapter and;

"(A)  which offers or maintains a course or courses of instruction or study; or

"(B)  at which place of business such a course or courses of instruction or study is available through classroom instruction or by correspondence, or both, to a person or persons for the purpose of training or preparing the person for a field of en-

---

* Acts 62nd Leg., R.S., 1971, ch. 620, p. 2006, H.B. 333, codified by Vernon as Sec. 32.01, et seq., Texas Education Code.

-4934-

deavor in a business, trade, technical, or in-
dustrial occupation, or for avocation or per-
sonal improvement, except as hereinafter excluded."

Section 32.12 of the Act specifies certain schools or
educational institutions which are specifically exempt from
all provisions of the Act.  None of these exemptions cover
a flight school; no claim is made to us that any does.

The relevant law is stated in 52 Texas Jurisprudence 2d
209, Statutes, Section 143, as follows:

". . . The fact that an act contains one or
more exceptions discloses an intention on the part
of the legislature that there should be no other
exception and that the act should apply in all
cases not excepted.  . . ."

In our opinion the mere fact that some of the procedural
or other sections of the Act are not feasible or amenable to
literal compliance by a proprietary school does not serve to
exempt it from the Act.  A substantial compliance with the
Act would suffice in such instances.  Furthermore, the fact
that certain qualifications are required for instructors,
chief pilots and school owners by Federal Aviation Regula-
tions, does not result in a pre-emption by the federal
government so as to deprive the state of the power to regu-
late flight schools under the Texas Proprietary School Act.
So long as the state regulations are caused to conform to,
and, are interpreted to be, consistent with the federal law
or regulations, both state and federal law are applicable.
See Kelly v. Washington, 302 U.S. 1, 10, 58 S.Ct. 87 (1927),
holding that:

"There is no constitutional rule which compels
Congress to occupy the whole field.  Congress may
circumscribe its regulation and occupy only a limited
field.  When it does so, state regulation outside the
limited field and otherwise admissible is not for-
bidden or displaced."

See also, Antieu's Modern Constitutional Law, Volume 2,
Section 10.24, pp. 49-51, and authorities there cited.

We hold that the police power of the state to regulate flight
schools has not been superseded by any federal act, and that

there has been no attempt by the federal government to occupy the whole field, and that the Texas Act does not conflict with the Federal statutes or regulation as to flight schools.

There is no exemption in the statute for a school otherwise regulated and approved pursuant to a federal law, but under Section 32.12(a)(7) an exemption is recognized for "a school which is otherwise regulated and approved under and pursuant to any other law of the State." Flight schools are not regulated and approved under or pursuant to any other law of the state.

### S U M M A R Y

Flight schools are subject to the provisions of the Texas Proprietary School Act. Acts 62nd Leg., R.S., 1971, ch. 620, p. 2006, H.B. 333, codified by Vernon as Sec. 32.01, et seq., Texas Education Code.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. E. Allen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman

Lewis Jones
Gordon Cass
Brandon Bickett
S. J. Aronson

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant